J. A34005/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS J. GRECO, | : | IN THE SUPERIOR COURT OF |
| A/K/A THOM GRECO, | : | PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 666 MDA 2014 |
| | : | |
| MICHAEL LESLIE BERNBACK, ET AL. | : | |

Appeal from the Order Entered March 20, 2014,
in the Court of Common Pleas of Luzerne County
Civil Division at No. 2027-2005

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STABILE, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 23, 2015**

Appellant appeals the order entered March 20, 2014, which imposed a "gag order" pertaining to the settlement of appellant's defamation and invasion of privacy action against the various defendants/appellees.  During an earlier appeal, a prior panel of this court found that the settlement agreement among the parties called for the entry of a gag order, and that panel directed the trial court to enter same.  On appeal now, appellant asserts that the gag order is inadequate.

The factual and procedural history of this case was well stated by the prior panel of this court:

> In 2005, Greco filed suit against Appellee Michael Leslie Bernback (Bernback), alleging claims of defamation and false light invasion of privacy. Also included as defendants in the suit were Shamrock Communications, Inc., the Citizen's Voice

newspaper, and numerous partners and staff members of the Citizen's Voice (the Media Appellees). Ultimately, a trial date was set for May 14, 2012.

Settlement negotiations remained ongoing as the trial approached. On May 9, 2012, counsel for Media Appellees e-mailed a "final settlement offer" to counsel for Greco. Media Appellees' Brief at 2. This offer included the requirement that Greco "agree not to publicize this settlement and to keep the terms of the settlement confidential." *Id.* In response, Greco's counsel sent counsel for Media Appellees the following fax.

I reviewed your final settlement offer with my client, Thom Greco who has provided me authority to accept said offer. **The acceptance is contingent upon a proper gag order being entered that will provide the parties are not permitted to speak to anyone regarding this matter and shall suffer consequences should any party fail to comply**.

It is my understanding that [counsel for Bernback] is preparing a proposed Order and will forward [it] to us for review.

Greco's Answer to Bernback's Motion to Enforce, 7/13/2012, Exhibit A (emphasis added).

On May 11, 2012, Greco's counsel sent a fax to the trial court indicating that the case had been settled.

As you are already aware, this matter has been resolved. I am waiting to receive the proposed settlement agreement as well as the gag order for my review. I was anticipating presenting the gag order to you on Monday but was advised by Attorney Steinbrenner that you will not be in your office on Monday

> and furthermore, I am not confident I will have the final gag order to present on said day.  It is my intention to present the gag order to you next week upon final resolution of this matter.

Greco's Petition for Reconsideration, 10/12/2012, Exhibit E.  As a result, the trial scheduled for May 14, 2012, was cancelled.  Also on May 11, 2012, counsel for Bernback e-mailed a proposed settlement agreement to counsel for Greco.  Paragraph 4 of that agreement stated, in relevant part, as follows.

> The parties expressly agree that good and valuable consideration for this agreement includes the mutual promises among them to consent to an order of court stating that the matter has been confidentially resolved, and that no party is permitted comment of any kind about the litigation, the facts which gave rise to the litigation, or the resolution of the litigation to any third parties whatsoever. The parties further expressly agree to consent to an order of court which expressly states that violations of the order will result in penalties and attorneys' fee awards to the non breaching parties within the discretion of the court.  The parties agree that the form of the aforementioned order will be that attached as Exhibit A to the release.

Greco's Motion for Settlement Conference and Contempt of Court, 8/27/2012, Exhibit 1.  A gag order was included as "Exhibit A" to the proposed settlement.  Revised versions of this proposed settlement were circulated on May 18 and 22, 2012, which featured the same or nearly the same language as quoted above, as well as an attached gag order.  During this time, Greco requested that a $50,000 liquidated damages provision be included in the settlement as a penalty for violating confidentiality.  Neither Media Appellees, nor Bernback, was agreeable with this suggestion.

- 3 -

On June 28, 2012, Bernback filed a Motion to Enforce Settlement. In this Motion, Bernback indicated that a settlement had been reached by the parties but that Greco refused to comply. Bernback indicated that the "[e]ssential terms [of the settlement agreement] were agreed to by all parties, including . . . a confidentiality provision[.]" Bernback's Motion to Enforce Settlement, 6/28/2012. Bernback stated that subsequent to reaching a settlement agreement, he "proposed an additional provision providing for a 'gag' order" and that Greco was now using the absence of a gag order from the proposed settlement "as a pretext to breach the agreement to settle as to the essential terms." *Id.* On July 3, 2012, the Media Appellees filed their own Motion to Enforce Settlement. The Media Appellees indicated that "while the parties did not reach an agreement on the specific details of a gag order provision, an agreement had been reached regarding the essential terms including confidentiality of the settlement terms." Media Appellees' Motion to Enforce Settlement, 7/3/2012. Greco filed an answer to these motions, indicating that no settlement agreement had been reached between the parties.

A hearing was held on July 20, 2012. At the hearing, the trial court concluded that a settlement agreement had been reached by the parties, but that a gag order was not included as an essential term of that agreement. N.T., 7/20/2012, at 15. Specifically, the trial court indicated "I'm going to allow you to conclude [*sic*] the gag, although I don't find it to be an essential term." *Id.* The court stated that the parties had "until Monday," July 23, 2012, to reach an agreement on the issue of whom the parties would be allowed to discuss the settlement terms with without violating confidentiality, and explained that "if you believe there is a violation, there will be no set penalty. The penalty will be determined by the [trial c]ourt in the nature of the violation." *Id.* at 15.

On August 27, 2012, Greco filed a Motion for Settlement Conference and Contempt of Court. In this motion, Greco contended that Bernback was flouting the trial court's ruling during the July 20, 2012 hearing that a gag order must be included in the settlement. Bernback filed an answer to this motion, arguing that the trial court merely indicated that the trial court would allow a gag order to be included, not that one was required. Bernback abandoned his previously-stated position that confidentiality was included in the terms of the settlement. Instead, Bernback claimed that the "settlement . . . does not include a successfully negotiated agreement of confidentiality or a 'gag order[,'] given that the parties have never agreed upon any specific parameters of confidentiality." Bernback's Answer with New Matter, 9/26/2012.

On September 27, 2012, another hearing was held. At this hearing, the trial court agreed with Bernback, and explained that it did not mandate that a gag order be included in the settlement during the previous hearing. N.T., 9/27/2012, at 5. The trial [court] also explained its position that the gag order was not an essential term in the contract because such orders are disfavored by courts. *Id.* at 2, 5 ("I went through a very long dissertation as to why a gag order is disfavored by courts. Okay. And quite honestly, that's why I don't see it as an essential term in contract."). All parties agreed on the record to the inclusion of a confidentiality provision. *Id.* at 6, 9-10, 16. However, despite the protests of counsel for Greco, the trial court confirmed that there would be no gag order. *Id.* at 16. The trial court stated that Greco would have to sign an agreement to this effect "[b]y Monday," October 1, 2012, or else the trial court would order the case discontinued with prejudice. *Id.* at 19-20.

On October 3, 2012, the trial court entered an order stating that this matter is "settled, discontinued and ended with [p]rejudice." The trial court did not make any order with respect to confidentiality or a gag order. In its opinion, the trial court explained that

- 5 -

> [b]ased on the narrowly described agreement of the parties as to a confidential[ity] clause and reviewing proposed Orders as presented by the parties, the [trial c]ourt forwarded a proposed Order which was not agreeable to all parties. Based upon the lack of agreement, the [trial c]ourt entered the October 3, 2012 Order marking the instant action as "settled, discontinued and ended."

Trial Court Opinion, 2/25/2013, at 2.

> On October 12, 2012, Greco filed a Petition for Reconsideration. This petition was denied on October 25, 2012, and Greco filed a timely notice of appeal.

***Greco v. Bernback, et al.***, slip memorandum, filed November 3, 2013 at 1-6.

As noted, this court found that the settlement agreement anticipated the entry of a gag order, and this court remanded the case for entry of the same. In response, the trial court entered the following order:

> AND NOW, this 20ᵗʰ day of March, 2014, the Order of Court dated March 10, 2014 is hereby Amended as follows:
>
> It is hereby **ORDERED** that pursuant to the settlement agreement reached, and pursuant to the Superior Court decision issued on November 13, 2013, NEITHER PARTY, as set forth above, nor their attorneys, other representatives, agents, or employees, will in any way disclose nor comment in any way about the litigation or resolution, or the details of the settlement to any third persons or entities with the exception of the insurers of the parties, the attorneys of either the parties or of their insurers, and accountants of the parties. The parties

shall not publicize or cause to be publicized in any news or communication media including, but not limited to, newspapers, magazines, journals, radio or television, social media, blogs on-line, digital media the facts or the terms and conditions of this settlement. Additionally, the parties shall decline comment on any aspect of this settlement to any members of the news media or the general public. Any violations of the Order, upon hearing before the Court, may result in an award of damages within the discretion of the Court. There will be no liquidated damages awarded pursuant to the Superior Court decision.

The Office of Judicial Records & Services of Luzerne County, Pa. shall give notice of this order to all parties pursuant to Pa.R.C.P. 236.

**THIS ORDER SHALL BE SEALED.**

Amended Order, 3/20/14.

On appeal, appellant argues that this order is insufficient in that while it bars comment or disclosure as to the litigation, it does not bar comment or disclosure on "the facts which gave rise to the litigation." Appellant contends that when the prior panel of this court quoted Paragraph 4 of Greco's Motion for Settlement Conference and Contempt of Court, 8/27/2012, which contained that language, it was essentially a direction to the trial court to include that language in its order. We disagree.

First, the prior panel of this court found that confidentiality was an essential term to the parties' settlement agreement and that the agreement anticipated the entry of a gag order. However, the panel did not, in any way whatsoever, purport to dictate actual language that must be included:

> Therefore, we vacate the trial court's order marking the underlying action as "settled, discontinued and ended with [p]rejudice," and we remand so that the trial court may enter a new order consistent with our conclusions, *supra*. The parties will be bound by confidentiality, subject to their previously negotiated exceptions. Confidentiality will be enforced by an order of court. Should any party violate this order, damages will be assessed at the trial court's discretion. There will be no liquidated damages.

***Greco v. Bernback, et al.***, slip memorandum, filed November 3, 2013 at 11.

Second, we find that appellant is attempting to split a hair that is already exceedingly fine. The gag order explicitly states, "NEITHER PARTY . . . will in any way disclose nor comment *in any way* about the litigation" (emphasis added). We find that this language necessarily includes and bars disclosure or comment as to the facts which gave rise to the litigation because that would be tantamount to disclosure or comment on the litigation itself. Consequently, we will affirm the order below.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/23/2015</u>